UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES FARRELL,

                Plaintiff,        Civil Action No. 14-11781
                                      Honorable Stephen J. Murphy, III
                                      Magistrate Judge David R. Grand

v.

US BANK NATIONAL ASSOCIATION
and WELLS FARGO BANK, NA,

                Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER [5]**

**I.    RECOMMENDATION**

Before the Court for a report and recommendation is Plaintiff James Farrell's ("Farrell") Motion for Temporary Restraining Order, filed on May 5, 2014. (Doc. #5). For the reasons set forth below, IT IS RECOMMENDED that Farrell's motion be DENIED.

**II.    REPORT**

    **A.    Background**

From a review of Farrell's Verified Complaint in this action, it appears that, beginning in May of 2010, Farrell was sent "debt collection" letters by the defendants after he defaulted on his mortgage payments. (Doc. #1). On December 7, 2010, a foreclosure sale was conducted and US Bank purchased Farrell's home. (*Id.* at ¶¶22-23). Farrell asserts that US Bank subsequently filed a complaint for termination of tenancy in the 52-3 District Court for the State of Michigan. (*Id.* at ¶23). According to Farrell, he filed bankruptcy and, on March 5, 2014, the Bankruptcy Court issued a Discharge of Debtor Order, discharging all of Farrell's unsecured debt, including

the mortgage held by the defendants. (*Id.* at ¶26).

Farrell filed this action, alleging numerous claims, including violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, violations of Michigan law, and criminal forgery. (Doc. #1). Simultaneous with the filing of his complaint, Farrell also filed an *ex parte* motion for temporary restraining order, asking the Court to prevent the defendants from seeking re-issuance of an order to evict him from his home. (Doc. #5). The defendants have not been served.

**B.     Analysis**

Under Federal Rule of Civil Procedure 65(b)(1), a court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if two conditions are met. First, the moving party must establish specific facts, through an affidavit or verified complaint, that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Second, the movant's attorney must certify in writing any efforts made to give notice to the adverse party and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). If these requirements are satisfied, the court must consider: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable harm without the injunction; (3) whether issuance of the injunction will cause substantial harm to others; and (4) whether the public interest is served by issuance of the injunction. *See Ohio Republican Party v. Brunner*, 543 F.3d 357 (6th Cir. 2008) (citing *Northeast Ohio Coalition for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). "An ex parte temporary restraining order is an extraordinary remedy which will not be granted unless the movant clearly shows that such relief is warranted." *Jarrett v. Snyder*, 2013 WL 3270911, at *3 (W.D. Mich. June 27, 2013) (quoting *Fort Wayne Women's Health Organization v. Brane*, 734 F. Supp. 849,

850 (N.D. Ind. 1990).

In this case, Farrell has not met his burden of demonstrating that he is entitled to a temporary restraining order. First, although Farrell asserts in his motion that he and his family will suffer immediate and irreparable harm if they are evicted from their home (Doc. #5 at 12), Farrell has not asserted that any such eviction is imminent (or even scheduled). Indeed, in his motion, Farrell indicates that he filed his motion for temporary restraining order to "stop all actions of defendants against him including attempted re-issuance of an order of eviction from 52-3 District Court in Rochester Hills" (*id.* at 1), which suggests that no order of eviction has yet been issued by that court and, as a result, that no eviction is imminent. Farrell did not include in either his verified complaint, or in the affidavit attached to his motion, specific facts demonstrating that he will suffer immediate and irreparable harm before the defendants can be heard in opposition to this motion, as required by Fed. R. Civ. P. 65(b)(1)(A). Moreover, while eviction has sometimes been construed as "irreparable harm" for purposes of a preliminary injunction, *see Sayo, Inc. v. Zions First Nat'l Bank*, 2006 WL 3240706, at *2 (E.D. Mich. Nov. 7, 2006) (holding that plaintiff would suffer irreparable harm if evicted from his home, which was his last remaining asset), Farrell has not provided evidence, such as an eviction notice or other court order, from which the Court can conclude that eviction is actually imminent. Accordingly, "the court cannot conclude that danger is so immediate to necessitate a [temporary restraining order] without an opportunity for the Defendants to be heard." *Jackson v. U.S. Bank Loan Servicing*, 2009 WL 2447485, at *3 (E.D. Mich. Aug. 6, 2009) (finding that the court could not conclude danger was immediate where plaintiff failed to provide an eviction notice).[12]

---

[1] The Court notes that while Farrell appears in this matter *pro se*, the above standards and legal and procedural requirements were explained to him in regards to the exact type of TRO he is presently seeking. *See* No. 11-12368, Dkt. #3 (June 3, 2011 Opinion and Order Denying

Because Farrell has not established entitlement to a temporary restraining order, his instant motion should be denied.

## III. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Farrell's Motion for Temporary Restraining Order **[5]** be **DENIED**.

Dated: May 14, 2014　　　　　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will

---

Plaintiff's Request for a Temporary Restraining Order). In Civil Action No. 11-12368 Farrell had sued the Wells Fargo, US Bank and numerous other defendants, and had sought a TRO to prevent eviction from his home. As noted, that motion was denied. *Id.*

[2] In addition, Farrell has not demonstrated a strong likelihood of success on the merits. First, Farrell's complaint is far from clear, and it is difficult to discern the claims he is pleading and the basis for those claims. Second, it appears that shortly before filing this action, Farrell commenced another action (which remains pending) in the Eastern District of Michigan in which he seeks the same relief he is asking for here. *See* Civil Action No. 14-11555, Dkt. #1 (Motion for Leave to Appeal Order Denying Motion for Reconsideration of Order Denying TRO & Preliminary Injunction). Finally, in Farrell's prior similar action (discussed in footnote 1), his request for the same type of relief he seeks here was denied, and his case ultimately was dismissed. *See* Civil Action No. 11-12368. Thus, it is unclear whether Farrell's instant action is even properly before the Court. At any rate, because Farrell clearly has not established specific facts showing immediate and irreparable injury, the Court need not analyze in-depth the "likelihood of success on the merits" prong in denying his motion for temporary restraining order.

be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 14, 2014.

        s/Eddrey O. Butts
        EDDREY O. BUTTS
        Case Manager