UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES FARRELL,

          Plaintiff,         Civil Action No. 14-11781
                                 Honorable Stephen J. Murphy, III
                                 Magistrate Judge David R. Grand

v.

U.S. BANK NATIONAL ASSOCIATION
and WELLS FARGO BANK, N.A.,

          Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING ORDER [21]
AND PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [3]**

**I.    RECOMMENDATION**

Before the Court for report and recommendation are Plaintiff James Farrell's ("Farrell") Motion for Preliminary Injunction, filed on May 5, 2014; and Motion for Temporary Restraining Order, filed on June 9, 2014. (Docs. #3, 21). For the reasons set forth below, IT IS RECOMMENDED that Farrell's motions be DENIED.

**II.    REPORT**

    **A.    Background**

From a review of Farrell's Verified Complaint in this action, it appears that, beginning in May of 2010, Farrell was sent "debt collection" letters by Defendants U.S. Bank National Association ("U.S. Bank") and/or Wells Fargo Bank, N.A. ("Wells Fargo") after he defaulted on his mortgage payments. (Doc. #1). On December 7, 2010, a foreclosure sale was conducted and U.S. Bank purchased Farrell's home (the "Property"). (*Id.* at ¶¶22-23).

From a review of the Court's docket, it appears that Farrell filed a Complaint in this

Court against U.S. Bank, Wells Fargo, and others on May 31, 2011 (the "Prior Federal Court Litigation"). (Civil Action No. 11-12368). In the Prior Federal Court Litigation, Farrell alleged numerous federal and state law claims, including violations of the Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act, the Truth in Lending Act, the Fair Credit Reporting Act, breach of fiduciary duty, fraud, fraudulent concealment, negligence, unjust enrichment, breach of implied covenant of good faith and fair dealing, and intentional infliction of emotional distress. (Civil Action No. 11-12368, Doc. #1). Additionally, Farrell moved for a temporary restraining order to enjoin eviction proceedings against the Property. (Civil Action No. 11-12368, Doc. #2). This motion was denied by the Court on June 3, 2011 (Civil Action No. 11-12368, Doc. #3), and, ultimately both Wells Fargo and U.S. Bank were dismissed from the Prior Federal Court Litigation. (Civil Action No. 11-12368, Docs. #30, 36).

Farrell asserts that U.S. Bank subsequently filed a complaint for termination of tenancy in the 52-3 District Court for the State of Michigan. (Doc. #1 at ¶23). It appears that, on January 14, 2013, the 52-3 District Court issued an Opinion and Order granting U.S. Bank's motion for entry of judgment and possession. (Doc. #33 at Ex. J). Farrell appealed this Order to the Oakland County Circuit Court, which affirmed the District Court's ruling granting possession of the property to U.S. Bank. (*Id.* at Ex. K).

On May 5, 2014, Farrell filed the instant action, alleging numerous claims related to the above circumstances, including violations of the Fair Debt Collection Practices Act, Michigan's foreclosure by advertisement statute, and criminal forgery. (Doc. #1). Simultaneous with the filing of his complaint, Farrell also filed an *ex parte* motion for temporary restraining order (Doc. #5), and a motion for preliminary injunction (Doc. #3), asking the Court to prevent the Defendants from seeking re-issuance of an order to evict him from his home. On May 14, 2014,

this Court issued a Report and Recommendation ("R&R") in which it recommended that Farrell's motion for temporary restraining order be denied because Farrell had not provided evidence that eviction was actually imminent. (Doc. #9). The District Court adopted that R&R on June 3, 2014. (Doc. #15).

Subsequently, on June 9, 2014, Farrell filed another motion for temporary restraining order. (Doc. #21). In this motion, Farrell asserts that, on June 5, 2014, the 52-3 District Court issued an Opinion and Order granting U.S. Bank's Motion for Re-Issuance of Order of Eviction for Immediate Execution. (*Id.* at ¶1 and Ex. A). Consequently, Farrell asks this Court to issue a temporary restraining order and/or preliminary injunction enjoining his eviction from the Property. (Doc. #3, 21).

**B.     Analysis**

"Temporary restraining orders and preliminary injunctions are extraordinary remedies designed to preserve the relative positions of the parties until further proceedings on the merits can be held." *Koetje v. Norton*, 2013 WL 8475802, at *2 (E.D. Mich. Oct. 23, 2013). Whether to grant such relief is a matter within the discretion of the district court. *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007). The same factors are considered in determining whether to grant a request for a temporary restraining order or a preliminary injunction. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Those factors are: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether issuance of the injunction will cause substantial harm to others; and (4) whether the public interest is served by issuance of the injunction. *Id.* (citing *Northeast Ohio Coalition for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)).

In this case, Farrell has not met his burden of demonstrating that he is entitled to a temporary restraining order or a preliminary injunction. With respect to the first factor, Farrell has not established a likelihood of success on the merits. Courts have long held that "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Medical Examiners*, 225 F.3d 620, 625 (6th Cir. 2000). As explained in this Court's prior Report and Recommendation, Farrell previously sued Wells Fargo, U.S. Bank, and numerous other defendants in Civil Action No. 11-12368, seeking a temporary restraining order to prevent eviction from the Property. (Doc. #9 at n. 1). Ultimately, that case was dismissed. As the Defendants now argue, it certainly appears that all of the claims Farrell asserts in the current action were asserted in prior actions (in both state and federal court) and, thus, will be barred by the principles of res judicata and/or the *Rooker-Feldman* doctrine.

Moreover, as Defendants point out, the Michigan Court of Appeals recently issued a published decision holding that once the statutory redemption period expires, all of a mortgagor's rights in and title to the property are extinguished. *See Bryan v. JP Morgan Chase Bank*, 2014 WL 1394782 (Mich. Ct. App. Apr. 10, 2014). Michigan courts have also held that once the redemption period lapses, they can only entertain the setting aside of a foreclosure sale where the mortgagor has made "a clear showing of fraud or irregularity." *Conlin v. Mortgage Elec. Registration Sys.*, 714 F.3d 355, 360 (6th Cir. 2013). Further, the fraud or irregularity must relate to the foreclosure process itself. *Id.* In this case, Farrell has not made any showing of fraud or irregularity in the foreclosure procedure. Nor has he presented any evidence from which this Court could conclude that he presently maintains any rights in or title to the Property. For all of these reasons, he has not established a likelihood of success on the merits.

With respect to the remaining factors, Farrell asserts that he and his family will suffer

immediate and irreparable harm if they are evicted from their home. (Doc. #21 at Ex. 5, ¶¶6-7). Specifically, Farrell asserts that "much emotional trauma would be inflicted on [his] very young and impressionable daughters," and that "much more stress would be placed upon [his] marriage," if this Court does not issue an injunction preventing his eviction from the Property. (*Id.*). However, the Court is not persuaded that Farrell has made a sufficient showing of irreparable harm.

In establishing the element of irreparable harm, the party seeking an injunction bears a heavy burden and must demonstrate more than an unfounded fear of harm. *See Sesi v. Fed. Home Loan Mortgage Corp.*, 2012 WL 628858, at *11 (E.D. Mich. Feb. 27, 2012). Rather, there must be a showing that the asserted harm is likely to occur. Specifically:

> In evaluating the harm that will occur depending upon whether or not the stay is granted, we generally look to three factors: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided. In evaluating the degree of injury, it is important to remember that [t]he key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim or irreparable harm.

*Id.* (quoting *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991)). As the *Sesi* court held, "Plaintiff's vague allusions to the 'trauma of eviction' fall far short of the showing necessary to establish the element of irreparable harm." *Sesi*, 2012 WL 628858, at *11. Moreover, Farrell "does not allege that [he] would be unable to obtain alternate housing or that [he] faces any real or imminent threat of homelessness." *Id.* Other courts have explicitly recognized that, "Enforcement of a state court's valid order of eviction does not constitute irreparable harm.… [W]ithout any legal right to possession of the Property, the Court finds no irreparable harm if Plaintiffs are evicted from the Property."

5

*Richardson v. Wells Fargo Bank*, 2013 WL 3367434, at *4 (E.D. Mich. July 5, 2013). Under the circumstances, Farrell has not shown that he will suffer irreparable harm in the absence of an injunction.

Moreover, Farrell fails to address whether entry of a temporary restraining order or preliminary injunction will cause harm to others or the public. Defendants assert that issuance of injunctive relief would cause substantial harm to U.S. Bank, in that it will continue to be denied possession of the Property which it has owned since December 2010. (Doc. #33 at 20). And, lastly, as this Court has recognized, "there is no public interest in permitting [Farrell] to remain in possession of the Property when the state court has issued a valid judgment and orders of possession and eviction." *Richardson*, 2013 WL 3367434, at *4. Indeed, "If the Court entered a temporary restraining order [or preliminary injunction], the public interest in the enforcement of state court orders and judgments would be thwarted." *Id.* Thus, the balance of harms weighs against injunctive relief.

Accordingly, weighing all of the above factors, *Ohio Republican Party*, 543 F.3d at 361, the Court concludes that Farrell is not entitled to either a temporary restraining order or a preliminary injunction.

### III. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Farrell's Motion for Preliminary Injunction **[3]** and Motion for Temporary Restraining Order **[21]** be **DENIED**.

Dated: June 30, 2014  s/David R. Grand  
Ann Arbor, Michigan  DAVID R. GRAND  
United States Magistrate Judge

6

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 30, 2014.

    s/Eddrey O. Butts
    EDDREY O. BUTTS
    Case Manager