UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES FARRELL,

    Plaintiff,                                          Case No. 14-cv-11781

v.                                                          HONORABLE STEPHEN J. MURPHY, III

US BANK NATIONAL ASSOCIATION and
WELLS FARGO BANK, NA,

    Defendants.
_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING
REPORT AND RECOMMENDATION** (document no. 34), **AND DENYING
PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** (document no.
21) **AND PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** (document no. 3)

On May 5, 2014, plaintiff James Farrell filed this pro se civil action alleging numerous claims, including violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, violations of Michigan law, and criminal forgery against defendants US Bank National Association ("US Bank") and Wells Fargo Bank, NA ("Wells Fargo"), that arose out of the mortgage foreclosure of his residence. The Court referred all pre-trial proceedings to a United States Magistrate Judge for resolution or recommendation.

Before the Court are two motions that Farrell has made in this action. One is a motion for preliminary injunction, filed simultaneously with the complaint, asking the Court to prevent the defendants from seeking re-issuance of an order to evict him from his home. Mot. for Preliminary Injunction, ECF No. 3. The other is a motion for temporary restraining order, filed on June 5, 2014, in which Farrell asks the Court to enjoin his eviction from the property. Mot. for Temporary Restraining Order, ECF No. 21.[1]

---

[1] This is the second motion for a temporary restraining order, seeking the same relief, that Farrell has made in this action. He filed the first concurrently with his complaint. Mot. for Temporary Restraining Order, ECF No. 5. On May 14, 2014, the magistrate judge

On June 30, 2014, the magistrate judge issued a report and recommendation ("Report"), recommending that both motions be denied. Farrell has filed three timely objections to the Report. The defendants have not responded. Civil Rule 72 does not require the Court to hold a hearing when reviewing a magistrate judge's findings. Fed. R. Civ. P. 72; *U.S. v. Raddatz*, 447 U.S. 667, 674 (1980) (holding 28 U.S.C. § 636 did not require a hearing for de novo review of a magistrate's findings); *see also Estate of Wyatt v. WAMU/JP Morgan Chase Bank*, No. 09-14919, 2012 WL 1622897 (E.D. Mich. May 9, 2012). After examining the record and considering Farrell's objections de novo, the Court concludes that his objections do not have merit. Accordingly, the Court will adopt the Report, and deny the motions for temporary restraining order and preliminary injunction.

## BACKGROUND

Farrell claims that he was sent "debt collection" letters from the defendants after he defaulted on his mortgage payments. *See* Compl., ECF No. 1. On December 7, 2010, a foreclosure sale was conducted and US Bank purchased Farrell's home. Compl. ¶¶ 22-23.

On May 31, 2011, Farrell filed a complaint in this Court against US Bank, "Wells Fargo Home Mortgage, Incorporated," and others, alleging numerous federal and state law claims, including violations of the Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act, the Truth in Lending Act, the Fair Credit Reporting Act, breach of fiduciary duty, fraud, fraudulent concealment, negligence, unjust enrichment, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional

---

issued a Report and Recommendation ("Report") in which he recommended that the motion be denied because Farrell had not provided evidence that eviction was actually imminent. Report, ECF No. 9. The Court adopted that Report without objection from Farrell on June 3, 2014. Order Adopting Report and Recommendation and Denying Mot. for Temporary Restraining Order, ECF No. 15.

distress. *See Farrell v. Harvey Elam Fair Value Appraisal Servs., et. al*, No. 11-cv-12368. In that matter, Wells Fargo Home Mortgage, Inc. was dismissed because Farrell failed to state a claim against it. Order Adopting Reports and Recommendations and Granting Mots. to Dismiss, No. 11-cv-12368, ECF No. 30. US Bank was dismissed for failure to serve. Final Order of Dismissal, No. 11-cv-12368, ECF No. 36.

US Bank filed a complaint for termination of tenancy in the 52-3 Judicial District Court in Michigan, and, on January 13, 2013, that court issued an opinion and order granting US Bank's motion for entry of judgment and possession. Opinion and Order, ECF No. 33-11. Farrell appealed the order to the Oakland County Circuit Court, which affirmed the ruling. Opinion and Order Affirming Trial Court, ECF No. 33-12.

In the Report at bar, the magistrate judge concluded that Farrell has not establish a likelihood of success on the merits because he sued the defendants and others in the prior action in this Court in which he failed to obtain a temporary restraining order to prevent eviction from the property and which was ultimately dismissed. Report at 4. The magistrate judge noted that all of the claims were asserted in prior actions in both state and federal court and are barred by the principle of res judicata or the *Rooker-Feldman* doctrine. *Id.* He also analyzed the likelihood of Farrell's failure under Michigan mortgage foreclosure law, noting that he has not demonstrated fraud or irregularity in the foreclosure procedure nor presented evidence from which the Court could conclude that he presently maintains any rights in or title to the property since all such rights of a mortgagor are extinguished once the statutory redemption period expires. *Id.*

The magistrate judge also concluded that Farrell has not made a sufficient showing of irreparable harm through his vague allegations that his family would suffer from

emotional trauma as a result of eviction and noted that there can be no irreparable harm without legal right to possession of the property. *Id.* at 5-6. In addition, the magistrate judge explained that there is no public interest in permitting Farrell to remain in possession of the property when the state court has issued a valid judgment and orders of possession and eviction. *Id.* at 6. Therefore, the magistrate judge found that the motions for preliminary injunction and temporary restraining order should be denied because the balance of harm weighs against injunctive relief. *Id.*

## STANDARD OF REVIEW

Civil Rule 72 provides that a party's specific written objections to a magistrate judge's Report filed within fourteen days of service are entitled to de novo review. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

## LEGAL STANDARD

"Temporary restraining orders and preliminary injunctions are extraordinary remedies designed to protect the status quo pending final resolution of a lawsuit." *Richardson v. Wells Fargo Bank, NA*, No. 13-cv-10234, 2013 WL 3367434, at *2 (E.D. Mich. July 5, 2013). Whether to grant a temporary restraining order or preliminary injunction is a matter within the discretion of the court. *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007). The same factors are considered in determining whether to issue a TRO or a preliminary injunction. *Northeast Ohio Coalition for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2008). These factors are: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the

movant would suffer irreparable injury absent an injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) whether the public interest is served by issuance of the injunction. *Id.*

## DISCUSSION

Farrell made three objections to the Report, which will be addressed in turn.

I.  <u>Prior Federal and State Court Litigation</u>

Farrell objects to the magistrate judge's conclusion that res judicata and the *Rooker-Feldman* doctrine prevent him from succeeding on the merits in the instant case. First, Farrell contends that Wells Fargo Home Mortgage, which he sued in the earlier case, is not the same entity as the Wells Fargo sued in the instant case. Even if the Court accepts that assertion as true, Farrell has not shown how a complaint alleging similar allegations against Wells Fargo and arising from the same acts as the earlier case would survive a motion to dismiss. In addition, Farrell appears to argue that he can prevail on all of his claims against US Bank in the instant case because it was dismissed for failure to serve in the prior action. But he has not shown how he can prevail on the merits against US Bank here.

Farrell characterizes the instant case as being totally dissimilar from the previous case. He claims that the last complaint had nothing to do with unlawful credit and collections practices. The earlier complaint, however, did feature such claims, which were brought under statutes such as the Fair Debt Collection Practices Act, the Truth in Lending Act, and the Fair Credit Reporting Act. The goal of the instant case, the prior federal litigation, and the state court litigation is to void the foreclosure on the property and to prevent eviction. As a result, this case involves the most basic application of the principles of res judicata and the *Rooker-Feldman* doctrine. *See Sesi v. Fed. Home Loan Mortg.*

*Corp.*, No. 12-cv-10608, 2012 WL 628858, at *8-*11 (E.D. Mich. Feb. 27, 2012) (denying a motion for temporary restraining order and preliminary injunction on the ground that the plaintiff's claims were likely barred by *Rooker-Feldman* and res judicata under similar circumstances as at bar). In light of all the prior litigation, Farrell is wrong in his assertion that he has "an excellent likelihood of success on the merits" and it is not "obvious" that the defendants had no legal right to foreclose on the property. *See* Objection to Report 5, ECF No. 47.

The magistrate judge properly concluded that Farrell has not established a likelihood of success on the merits because all of the claims he asserts in the current action were asserted in prior state and federal litigation and, therefore, will be barred by the principles of res judicata or the *Rooker-Feldman* doctrine. Accordingly, Farrell's objection will be denied.

II.  Irreparable Harm, Substantial Harm to Others, and the Public Interest

In his second objection, Farrell asserts that he has established all of the other factors in the test for preliminary injunctive relief and is thus entitled to such relief.

He argues that "being evicted from one's home with nowhere to go, and the emotional harm for [his] young children and [their] parents, definitely constitutes irreparable injury." Objection 5. Farrell cites no authority for this proposition and ignores all of the authority that the magistrate judge correctly cited that states otherwise. "Plaintiff's vague allusions to the 'trauma of eviction' fall far short of the showing necessary to establish the element of irreparable harm." *Sesi*, 2012 WL 628858, at *11. In addition, Farrell has not elaborated on his alleged plight. Significantly, he "does not allege that [he] would be unable to obtain alternate housing or that [he] faces any real or imminent threat of homelessness." *Id.* In

6

addition, "[e]nforcement of a state court's valid order of eviction does not constitute irreparable harm. Plaintiff[] has not demonstrated that [he] is likely to succeed on [his] claims, thus without any legal right to possession of the Property, the Court finds no irreparable harm if Plaintiff[] [is] evicted from the Property." *Richardson*, 2013 WL 3367434, at *4.

In his original motion papers, Farrell did not address whether entry of a temporary restraining order or preliminary injunction will cause harm to others or the public, but does so now. He claims that injunctive relief will not harm others because the defendants "have none of their own funds on the line in this case." Objections 5. This statement is unsupported by evidence and belies the ownership interest in the property that US Bank has claimed since it purchased the property nearly four years ago. In addition, Farrell now claims that the public interest favors granting him relief to preserve his due process rights and to keep his family together. Farrell, however, miscasts the public interest to mirror his own self-interest. "[T]here is no public interest in permitting [him] to remain in possession of the Property when the state court has issued a valid judgment and orders of possession and eviction. If the Court entered a temporary restraining order, the public interest in the enforcement of state court orders and judgments would be thwarted." *Richardson*, 2013 WL 3367434, at *4.

Accordingly, the magistrate judge properly determined that consideration of all of these factors weighed against granting preliminary injunctive relief. As a result, Farrell's objection will be overruled.

III. Characterization of the Lawsuit

In his final objection, Farrell appears to argue that Michigan mortgage foreclosure law does not apply to the instant case. Nevertheless, Farrell asserts that he is seeking to void the foreclosure. The foreclosure took place in Michigan pursuant to Michigan law. Under such law, "[i]f a mortgagor fails to avail him or herself of the right of redemption, all the mortgagor's rights in and to the property are extinguished." *Bryan v. JPMorgan Chase Bank*, No. 313279, 2014 WL 1394782, at *2 (Mich. Ct. App. Apr. 10, 2014). Once the statutory redemption period passes, courts can only entertain setting aside a foreclosure sale where the mortgagor has made a clear showing of fraud or irregularity. *Conlin v. Mortg. Elec. Registration Sys.*, 714 F.3d 355, 360 (6th Cir. 2013). No matter how he labels his claims, Farrell is seeking to vacate the mortgage foreclosure sale on the basis of fraud or irregularity in the foreclosure proceeding. Accordingly, this objection is overruled.

**CONCLUSION**

None of Farrell's objections have merit. The magistrate judge properly concluded that Farrell has not established a likelihood of success on the merits because all of the claims he asserts in the current action were asserted in prior state and federal litigation and, therefore, are barred by the principles of res judicata or the *Rooker-Feldman* doctrine. The magistrate judge also correctly determined that Farrell did not make any showing that he would be subject to irreparable harm or that there will be substantial harm to others absent a preliminary injunction or temporary restraining order or that such relief is in the public interest. Finally, Farrell is incorrect that Michigan mortgage foreclosure law does not apply to his claims. Therefore, the Court will adopt the Report and deny all of Farrell's objections.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Farrell's objection (document no. 47) is **OVERRULED** and the magistrate judge's Report (document no. 34) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Farrell's motion for a temporary restraining order (document no. 21) and Farrell's motion for a preliminary injunction (document no. 3) are **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 5, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 5, 2014, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager

9