UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES FARRELL,

                Plaintiff,                Civil Action No. 14-11781
                                              Honorable Stephen J. Murphy
                v.                            Magistrate Judge David R. Grand

US BANK NATIONAL ASSOCIATION,
AS GRANTOR TRUSTEE, WELLS FARGO
BANK, N.A.,

                Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION
FOR DECLARATORY JUDGMENT [4] AND TO GRANT DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT/DISMISSAL [36]**

**I.    RECOMMENDATION**

Before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) are Defendants US Bank National Association and Wells Fargo Bank, N.A.'s Motion for Summary Judgment/Dismissal [36] of Plaintiff James Farrell's ("Farrell") complaint, and Farrell's Motion for Declaratory Judgment [4]. For the following reasons, the Court RECOMMENDS that Defendants' Motion for Summary Judgment/Dismissal [36] be GRANTED, and Farrell's Motion for Declaratory Judgment [4] be DENIED.

**II.    REPORT**

    **A.    Background**

On April 23, 2004, Farrell executed a mortgage ("Mortgage") in favor of Wells Fargo Bank, N.A. ("Wells Fargo") against his property located at 52 Tweed Lane, Lake Orion, MI

48362 ("Property"). [36 at 1].[1] The Mortgage was recorded on May 12, 2004. [*Id.*] On May 28, 2010, the Mortgage was assigned to Defendant U.S. Bank National Association ("U.S. Bank") as Grantor Trustee for the holders of Bears Stearns ARM Trust. [*Id.*] Farrell failed to make payments and defaulted on the Mortgage, and the matter was referred to Trott & Trott, P.C. for foreclosure by advertisement proceedings. [*Id.*] A sheriff's sale of the Property was conducted on December 7, 2010, wherein U.S. Bank purchased the Property for $347,750.74. [*Id*. at 2]. The deed was recorded on December 14, 2010. [*Id.*].

On May 31, 2011, in a prior Eastern District of Michigan action also assigned to the Honorable Stephen J. Murphy, III, Farrell filed a complaint against Wells Fargo, U.S. Bank, and others alleging a variety of violations of state and federal law. [36 at Ex. D]. Farrell also moved for a temporary restraining order in that complaint, which was denied on June 3, 2011. [*Id.* at Ex. E]. Farrell's claims against Wells Fargo were dismissed with prejudice on March 30, 2012. [*Id.* at Ex. E, F]. Farrell's appeal of that ruling to the Sixth Circuit Court of Appeals was dismissed for lack of appellate jurisdiction on July 10, 2012. [*Id.* at Ex. H]. Farrell's claims against U.S. Bank were dismissed with prejudice on June 30, 2012. [*Id.* at Ex. I, J].

On August 28, 2012, U.S. Bank filed summary proceedings against Farrell in the 52-3 District Court for the State of Michigan. [36 at 3]. That court granted U.S. Bank a judgment of

---

[1] Because a motion to dismiss tests a complaint's facial sufficiency, it generally must be considered without resort to matters outside the pleadings. *See Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *see also Koubriti v. Convertino*, 593 F.3d 459, 463 n.1 (6th Cir. 2010). Similarly, "when a document is referred to in the pleadings and is integral to the claims" it may be considered at the motion to dismiss stage. *Commercial Money Ctr.*, 508 F.3d at 335-36. *See also Greenberg v. Life Ins. Co. of Va.*, 177 F .3d 507, 514 (6th Cir.1999). The documents referenced herein, which were attached to the parties' briefs, all satisfy the above criteria, and thus can be considered part of the pleadings.

possession for the Property on January 14, 2013. [*Id*. at Ex. K]. Farrell then appealed that judgment to the Oakland County Circuit Court, which on July 3, 2013, affirmed the lower court's decision. [*Id*. at Ex. L].

On September 25, 2013, Farrell filed a Petition for Chapter 7 Bankruptcy in the U.S. Bankruptcy Court for the Eastern District of Michigan. [36 at 4]. On October 17, 2013, Wells Fargo, as servicer to U.S. Bank, moved for relief from the automatic stay of bankruptcy; Farrell failed to respond, and the bankruptcy court granted relief from the stay. [*Id*. at Ex. M].

On December 5, 2013, Farrell filed an Adversary Proceeding against Wells Fargo and U.S. Bank in the U.S. Bankruptcy Court for the Eastern District of Michigan, in which he moved to set aside the foreclosure sale of the Property, to vacate the Order Granting Relief from the Automatic Stay, and for a preliminary injunction and a temporary restraining order to enjoin his eviction from the Property. [36 at Ex. N]. The bankruptcy court denied these motions on February 28, 2014. [*Id*. at Ex. O]. Farrell subsequently filed motions for reconsideration and for leave to appeal, which were both denied. [*Id*. at Ex. Q]. On March 4, 2014, U.S. Bank and Wells Fargo filed a Motion to Dismiss Adversary Proceeding, which was granted by the bankruptcy court on April 8, 2014. [36 at Ex. R]. Farrell filed a motion to vacate that order and a motion for a stay, which were both denied. [*Id*. at Ex. S, T].

On April 14, 2014, U.S. Bank filed a Motion for Re-Issuance of Order of Eviction for Immediate Execution in the 52-3 District Court. Farrell filed a response, and an oral argument was held on May 5, 2014. [36 at 5]. On June 5, 2014 the 52-3 District Court issued an Opinion and Order granting the Motion for Re-Issuance of Order of Eviction for Immediate Execution. [*Id*. at Ex. U].

Also on May 5, 2014, Farrell filed the instant complaint against U.S. Bank and Wells

Fargo, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") (nine counts) and violations of the Michigan Foreclosure by Advertisement statute (two counts). [1]. That same day, Farrell filed a Motion for Preliminary Injunction [3], Motion for Declaratory Judgment [4], and Motion for Temporary Restraining Order seeking to enjoin his eviction from the Property. [5]. This Court found that Farrell had not established his entitlement to a temporary restraining order because he failed to show that eviction was imminent, failed to show that he was likely to succeed on the merits, and failed to serve the defendants with his motion, and thus recommended denying that motion in a May 14, 2014 report and recommendation. [9]. That recommendation was adopted by the district court on June 3, 2014. [15].

On June 9, 2014, Farrell filed another Motion for Temporary Restraining Order seeking to enjoin his eviction from the Property. [21]. In a June 30, 2014, report and recommendation, this Court addressed both Farrell's second motion for a temporary restraining order and his May 5, 2014 motion for preliminary injunction. [34]. The Court found that Farrell's statutory redemption period had lapsed, that he again failed to establish that he was likely to succeed on the merits, did not make a sufficient demonstration of irreparable harm, and failed to address whether the public or any other party would be harmed by those remedies. [*Id*. at 4-6]. That recommendation was adopted by the district court on August 5, 2014. [57].

Presently before the Court are the Defendants' Motion for Summary Judgment/Dismissal, which was filed on July 2, 2014 [36], and Farrell's aforementioned Motion for Declaratory Judgment [4].

### B. Legal Standard

A motion to dismiss pursuant to Fed. R. of Civ. P. 12(b)(6) tests a complaint's legal sufficiency. Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement

of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements. *Iqbal*, 129 S.Ct. at 1949. *See also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. Appx. 49, 51 (6th Cir. 2009). Furthermore, a court is not required to "create a claim which [a plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1949.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11424, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

### C. Analysis

Defendants argue that Farrell's complaint should be dismissed because his claims are barred by the doctrines of *Rooker-Feldman* and *res judicata*, and because his claims under the FDCPA are barred by the statute of limitations. [36].

#### 1. *Rooker-Feldman* Bars Counts Ten and Eleven of Farrell's Complaint

The *Rooker-Feldman* doctrine prohibits federal courts, with the exception of the Supreme Court, from exercising jurisdiction over a claim alleging error in a state court decision. *See Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013); *Coles v. Granville*, 448 F.3d 853, 857 (6th Cir. 2006) (noting that the doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.") (*quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

The *Rooker-Feldman* doctrine does not bar all claims which merely relate to a prior state court proceeding. *See Todd v. Weltman, Weinberg & Reis Co.*, 434 F.3d 432, 436–37 (6th Cir. 2006). Rather, the doctrine bars only claims which allege harm arising out of a state court decision itself; stated otherwise, *Rooker-Feldman* bars actions where "the point of [the] suit is to

6

obtain a federal reversal of a state court decision." *Givens v. Homecomings Fin.*, 278 F. App'x. 607, 609 (6th Cir.2008). *See also Brown v. First Nationwide Mortgage Corp.*, 206 F. App'x 436, 439 (6th Cir. 2006) ("[A] complaint in which the plaintiff contends he was injured by the defendants, rather than by the state court decision itself, is not barred by *Rooker–Feldman*, even if relief is predicated on denying the legal conclusion reached by the state court."); *Burks v. Washington Mut. Bank, F.A.*, No. 07-13693, 2008 WL 4966656, at *4 (E.D. Mich. Nov. 17, 2008) ("Although some of plaintiffs' claims challenge factual conclusions underlying the state court decision, none of the claims directly challenge the decision or allege injury as a result of the decision. . . . Furthermore, the relief requested by plaintiffs will not vitiate or overturn the state court decision because plaintiffs do not seek possession of the home. For these reasons, none of plaintiffs' claims are barred by *Rooker-Feldman*."). Thus, although *Rooker-Feldman* bars a federal district court from considering a request that would necessarily overturn a state court judgment, "[i]f a federal plaintiff presents an independent claim, even one that denies a state court's legal conclusion in a case to which the plaintiff was a party, there is jurisdiction, and state law determines whether the defendant prevails under preclusion principles." *Exxon Mobil Corp.*, 544 at 282.

Two recent Eastern District of Michigan cases further illuminate the salient distinction. In *Rice v. Wojtowicz*, No. 13-CV-12456, 2014 WL 4829625, at *3 (E.D. Mich. Sept. 27, 2014), a plaintiff filed a complaint in this court alleging that certain defendants committed fraud during a state court proceeding that resulted in foreclosure of his home. The defendants argued that *Rooker-Feldman* barred the plaintiff's federal court action. The federal court rejected the defendants' argument, holding that *Rooker-Feldman's* bar did not apply because the plaintiff was:

7

> not seeking an injunction or other equitable relief-he is not asking for his house back, or requesting the court nullify the state court tax foreclosure. The injury derives from the defendants' conspiracy to steal his house-not the state court ruling. The Court can remedy that injury through monetary damages without revising or nullifying the state court judgment. Accordingly, the Court has jurisdiction over the constitutional claims.

*Id*.

In contrast, in *Colbert v. Fed. Nat. Mortgage Ass'n*, No. 12-13844, 2013 WL 1629305 (E.D. Mich. Apr. 16, 2013), a plaintiff who unsuccessfully challenged the foreclosure of his home in state court sought to have the federal court grant him quiet title and set aside the Sheriff's sale of the property. The court found that because granting that relief would necessitate the reversal of the state court judgment granting possession to the defendants, the plaintiff's claims were barred by *Rooker-Feldman*. *Id*. at 7. *See also Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x 487, 490 (6th Cir. 2005) ("That the plaintiffs' claims are indeed 'inextricably intertwined' is evident from the fact that there is simply no way for this or any other court to grant relief without disturbing the judgments of foreclosure entered by the state court"). Thus, to the extent Farrell's claims seek relief that would necessitate reversing a remedy issued in the prior state court adjudication, they are barred by *Rooker-Feldman*.

Here, two of Farrell's claims fit that bill. In Counts 10 and 11 of his complaint, Farrell seeks to void the foreclosure, to be awarded "QUIET TITLE against the defendants in favor of the undersigned, and [that he] be granted statutory damages, costs, and fees pursuant to 15 USC SECTION 1692(k)(a), as well as be granted other damages, costs, and fees pursuant to MCL 600.2919a for defending this action together with other relief as the Honorable Court of Record deems just." [1 at 14-18]. Since this Court cannot void the foreclosure or grant quiet title to the Property without reversing the relief granted by the state court[2], Counts 10 and 11 of the instant

---

[2] Similarly, it cannot award money damages which Farrell alleges flow directly from the

8

complaint are barred by *Rooker-Feldman*, and should be dismissed. [33 at Ex. 11].

Farrell defends against this analysis by asserting that a state court judgment is disturbed only "upon motion by Plaintiff in the state court, and upon proper adjudication within the state court." [61 at 3]. But that argument simply misconstrues *Rooker-Feldman*. As discussed above, under that doctrine, lower federal courts lack jurisdiction to consider a claim which seeks relief *that would require reversal of a prior state court judgment* – in other words, a "federal claim [that] only succeeds by declaring that the state court wrongly decided the issues before it." *Battah v. ResMAE Mortgage Corp.*, 746 F. Supp. 2d 869, 873 (E.D. Mich. 2010) (citing *Loriz v. Connaughton*, 233 Fed. Appx. 469, 474 (6th Cir. 2007)). The relief that Farrell seeks, to void the foreclosure and award quiet title to the Property, is the very thing he was denied in state court; thus granting that relief would necessarily entail reversing the decision of the state court. Furthermore, Farrell's suggestion that the state court decision "may not be *valid*, as it appears the court presumed the incorrect status of Defendants" further demonstrates that, at least as to Counts 10 and 11, he is essentially seeking direct appellate review by this Court of the state court determination, which is impermissible under *Rooker-Feldman*. [61 at 3].

As discussed above, however, while Farrell's FDCPA claims are potentially at odds with many of the determinations made by the state court, they flow from the Defendants' alleged conduct, rather than the state court ruling itself. Thus, *Rooker-Feldman* does not bar those claims.

### 2. *Res Judicata* Also Bars Counts Ten and Eleven of Farrell's Complaint

Defendants argue that to whatever extent Farrell's claims are not barred by *Rooker-*

---

allegedly improper foreclosure and title cloud. *See Bridgewater Operating Corp. v. Feldstein*, 346 F.3d 27, 29-30 (2nd Cir. 2003) (a claim for money damages which is "inextricably intertwined" with issues previously decided by a state court is barred by the *Rooker-Feldman* doctrine).

*Feldman*, they are barred by *res judicata*. [36 at 12-16]. They are only partly correct. Federal courts must give full faith and credit to state-court decisions. *See* 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007) ("Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state."). Accordingly, this Court must apply Michigan preclusion law in determining whether the prior state-court foreclosure proceedings bar this suit.

In Michigan, *res judicata* "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Abbott*, 474 F.3d at 331 (quoting *Adair v. State*, 680 N.W.2d 386, 396 (2004)). "Michigan has adopted a broad application of the doctrine of *res judicata*, which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not." *Berkshire v. Klimowicz*, No. 13-11599, 2014 WL 1032048, at *6 (E.D. Mich., Mar. 17, 2014).

Notwithstanding this general principle, under Michigan law, *res judicata* does not bar claims which could have been but were not raised during summary proceedings, including foreclosure proceedings. As explained in *Garza v. Freddie Mac*, 2010 WL 4539521, at *3 (E.D. Mich. Nov. 3, 2010), "Michigan courts recognize a statutory exception to *res judicata* in the case of summary proceedings. . . . Claims are not precluded on the basis that they could have been brought in the earlier proceeding. Instead, *res judicata* only applies to claims actually litigated in a summary proceeding." *See also*, M.C.L. § 600.5750 ("A judgment for possession under [Michigan's foreclosure] chapter does not merge or bar any other claim for relief."). Accordingly, in the summary proceedings context, only those claims actually raised and litigated

10

are barred.

In her January 14, 2013 order, the Honorable Julie Nicholson of the 52-3 Judicial District Court granted possession of the Property to Defendants, and found that Farrell's affirmative defenses were without merit. [33 at Ex. 11]. Specifically, Judge Nicholson held that Defendant U.S. Bank was the mortgagee, and that it properly foreclosed by advertisement. [*Id.*] Farrell appealed that determination to the Oakland County Circuit Court, which affirmed the trial court in a July 3, 2013 order. [33 at Ex. 12]. In that order, the Honorable James Alexander found that Farrell admitted he was in default on his mortgage payments, that Wells Fargo properly assigned its interest to U.S. Bank on May 28, 2010, and that Farrell's note-splitting argument was without merit. [*Id.*].[3]

Counts 10 and 11 of Farrell's complaint are barred by *res judicata* because they ask the Court to determine matters already decided in the state proceedings. [1 at 14-17]. In Count 10, Farrell again claims that the foreclosure of the Property was improper because Wells Fargo Home Mortgage was defunct at the time of foreclosure. [1 at 14-15]. In Count 11, Farrell alleges that Defendants fraudulently produced an assignment of mortgage with the intent to defraud him of the Property. [1 at 16-17]. By determining that "[U.S. Bank] met all of the requirements to foreclose by advertisement," Judge Nicholson determined these issues on the merits against Farrell, and thus foreclosed his attempts to relitigate Counts 10 and 11 of his complaint. [33 at Ex. 11].

### 3. The Statute of Limitations Bars Counts One through Nine of Farrell's Complaint

Farrell's only remaining claims – Counts 1 through 9 – arise under the FDCPA.

---

[3] It does not appear that any of Farrell's FDCPA claims were raised in the state foreclosure proceedings. Thus none are barred here by *res judicata*.

11

Defendants argue that these claims are barred by the statute of limitations. [36 at 16-17]. Actions under the FDCPA must be brought within one year from the date on which the alleged violation occurs. *See* 15 U.S.C.A. § 1692(k). Farrell alleges that Defendants violated the FDCPA in letters relating to the foreclosure and in the May 28, 2010 Assignment of Debt document [1 at 9-14]. The specific allegations made in these claims are not relevant, as they are barred by the statute of limitations.

While Farrell fails to state the particular dates on which the allegedly infringing letters were received, attached to his complaint are letters from the Defendants with dates ranging from March 3, 2010 to May 20, 2010. [1 at Ex. 6.11-6.17]. The foreclosure sale of the Property was held on December 7, 2010. [36 at Ex. C]. Farrell has failed to establish the existence of any event occurring after the foreclosure sale which could serve as the basis for a FDCPA violation. Farrell's complaint in this action was not filed until May 5, 2014. [1 at 18]. Because Farrell's complaint was filed more than one year after the letters were received and the date of the foreclosure sale, the statute of limitations bars his FDCPA claims based on these events.

Farrell argues that his "FDCPA claims are not time-barred, as the violations. . . are ongoing, including the eviction hearings and other hearings, the many pleadings in multiple courts, all of which are false and misleading representations, or unfair practices. . . as Defendants are threatening to take actions that they cannot legally take as debt collectors." [61 at 4]. However, the pursuit of debt-collection litigation generally does not constitute a continuing violation of the FDCPA. *See Slorp v. Lerner, Sampson & Rothfuss*, No. 13-3402, 2014 WL 4800100, at *7 (6th Cir. Sept. 29, 2014) (noting that no court of appeals has held that pursuit of such litigation is a continuing violation of the FDCPA, and finding that a debt collector who reaffirmed certain deceptive statements throughout the litigation was not liable for a continuing

FDCPA violation); *Ball v. Ocwen Loan Servicing, LLC*, No. 12-CV-0604, 2012 WL 1745479, at *5 (N.D. Ohio May 16, 2012) (noting that maintaining litigation is not a continuing violation of the FDCPA); *Ruth v. Unifund CCR Partners*, No. 08-CV-2689, 2009 WL 585847, at *11 (N.D. Ohio Mar. 6, 2009) *aff'd*, 604 F.3d 908 (6th Cir. 2010) (same). Consequently, neither Defendants' pursuit of the foreclosure action nor their defenses in this action constitutes a continuing violation of the FDCPA. Thus, Counts 1 through 9 of Farrell's complaint for damages under the FDCPA are time barred and should be dismissed.

### 4. Conclusion

Farrell's claims to void the alleged wrongful foreclosure, award him a quiet title to the Property, and to pay him money damages related thereto in Counts 10 and 11 are barred by *Rooker-Feldman*. Insofar as he asserts that Defendants acted unlawfully in foreclosing upon the Property, *res judicata* also bars Counts 10 and 11. Finally, Farrell's FDCPA claims (Counts 1 through 9) are barred by the statute of limitations.[4]

## II. RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that U.S. Bank and Wells Fargo's

---

[4] Farrell moves for declaratory judgment with respect to whether either defendant is a debt collector. [4]. However, their status as debt collectors is immaterial in light of this Court's recommendation that Farrell's FDCPA claims be dismissed. Accordingly, Farrell's motion should be denied. On July 9, 2014, Farrell filed a "Demand for Response to Motion for Declaratory Judgment." [38]. This motion is similarly moot, and will be denied in a separate order filed today. Farrell also moves for sanctions against Defendants. [46]. He argues that his debt to Defendants was discharged in his bankruptcy proceeding, that the assignment of the Mortgage to U.S. Bank was a "blatant felony forgery," and that Defendants are debt collectors not permitted to foreclose on the Property. [46 at 2-4]. These are merely reassertions of the same arguments Farrell made in his prior state and federal court proceedings, and they are barred for the aforementioned reasons. Moreover, Farrell did not comply with Rule 11(b)'s requirement that his request is supported by "factual contentions [that] have evidentiary support." Fed. R. Civ. P. 11(b)(3). Although Farrell's motion is supported by the various exhibits he attached thereto, for the reasons discussed above, none of that evidence shows that Defendants acted in a manner which would subject them to sanctions. For all of these reasons, Farrell's motion for sanctions [46] will be denied in a separate order.

Motion for Summary Judgment/Dismissal [36] be **GRANTED**, and Farrell's Motion for Declaratory Judgment [4] be **DENIED**.

Dated: December 29, 2014  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager

Dated: December 29, 2014