UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES FARRELL,

      Plaintiff,                                         Case No. 14-cv-11781

v.                                                   HONORABLE STEPHEN J. MURPHY, III

US BANK NATIONAL ASSOCIATION and
WELLS FARGO BANK, N.A.,

      Defendants.
_____/

**ORDER OVERRULING OBJECTIONS** (document no. 97), **ADOPTING REPORT AND RECOMMENDATION** (document no. 92), **DENYING FARRELL'S MOTION FOR DECLARATORY JUDGMENT** (document no. 4), **DENYING FARRELL'S MOTIONS FOR RECONSIDERATION** (document nos. 73, 79), **GRANTING DEFENDANTS' MOTION TO DISMISS** (document no 36)**, AND DISMISSING CASE**

       On May 5, 2014, Plaintiff James Farrell filed a complaint against Defendants US Bank National Association ("US Bank") and Wells Fargo Bank, N.A., alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, and state law provisions, Mich. Comp. Laws §§ 600.3204, 750.248b, 750.249. Farrell's allegations arise out of a foreclosure action initiated against his property by US Bank in 2010. The parties have previously engaged in extensive litigation in this Court, Oakland County District Court, and the United States Bankruptcy Court for the Eastern District of Michigan.

       All pre-trial matters were referred to Magistrate Judge David R. Grand. Before the Court is a motion for declaratory judgment by Farrell and a motion for summary judgment/dismissal by the Defendants. ECF Nos. 4, 36. On December 29, 2014, the magistrate judge issued a Report and Recommendation ("Report"), recommending the Court deny Farrell's motion and grant the Defendants' motion. ECF No. 92. Farrell timely

filed objections. ECF No. 97. Also pending are motions for reconsideration of two of the Court's previous orders. ECF Nos. 73, 79.

Civil Rule 72(b) governs review of a magistrate judge's report. De novo review of a magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). After examining the record and considering Farrell's objections de novo, the Court concludes that his objections do not have merit. Accordingly, the Court will overrule Farrell's objections, adopt the Report, deny Farrell's motion for declaratory judgment, and grant Defendants' motion to dismiss. The Court will deny as moot the pending motions for reconsideration.

## BACKGROUND

The Report succinctly details the events giving rise to Farrell's action against the Defendants. Report 1–4, ECF No. 92. In the interest of brevity, the Court will adopt that portion of the Report.

## STANDARD OF REVIEW

I.  Motion To Dismiss

Civil Rule 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing a motion to dismiss, the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). To determine whether the plaintiff has stated a claim, the Court will examine the complaint and any written instruments that are attached as exhibits to the pleading. Fed. R. Civ. P.

12(b)(6) & 10(c). The Court will not presume the truthfulness of any legal conclusion, opinion, or deduction, even if it is couched as a factual allegation.

The Federal Rules of Civil Procedure require the claimant to put forth only "enough fact to raise a reasonable expectation that discovery will reveal evidence of [the elements of the claim]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Thus, although "a complaint need not contain 'detailed' factual allegations, its '[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Therefore, the Court will grant a motion for dismissal pursuant to Rule 12(b)(6) only in cases where there are simply not "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

II. <u>Summary Judgment</u>

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court must take care, in

evaluating the motion, not to make judgments on the quality of the evidence, because the purpose of summary judgment is to determine whether a triable claim exists. *Doe v. Metro. Nashville Pub. Schs.*, 133 F.3d 384, 387 (6th Cir. 1998) ("[W]eigh[ing] the evidence . . . is never appropriate at the summary judgment stage.").

## DISCUSSION

The Court has carefully reviewed Farrell's objections to the Report. He appears to argue that summary judgment/dismissal is improper because there has not been a full and fair opportunity for discovery, there are insufficient facts from which the Court can rule in favor of the Defendants, and the *Rooker-Feldman* doctrine and the doctrine of res judicata (claim preclusion) are inapplicable. Farrell also insists the Court may not rule on the Defendants' motion for summary judgment/dismissal until determining whether Defendants are "debt collectors" or "creditors" under the FDCPA.

Farrell's objections are neither specific nor relevant. The alleged lack of discovery, insufficient factual basis, and unresolved issue of Defendants' legal status implicate summary judgment and are therefore irrelevant to the Report's conclusion, which is that the pleadings fail to state a claim for relief. Farrell's objection to the Report's reliance on the preclusion doctrines is on point, but it consists entirely of conclusory statements. Farrell does not set forth a single legal argument to support his position.

The magistrate judge concluded that Farrell's FDCPA claims—Counts 1 through 9—are barred by the statute of limitations. The Report's reasoning is sound and the conclusion reached is correct. The property in question was sold at a sheriff's sale on December 7, 2010. Farrell fails to allege the existence of a later event that could provide the basis for a FDCPA violation. The statute of limitations for FDCPA claims is one year.

15 U.S.C. § 1692k(d). Because the complaint was not filed until February 5, 2014, more than three years from the date on which the most recent alleged violation occurred, the FDCPA claims are time-barred.

The Report recommends dismissing the remaining claims, Counts 10 and 11, on the basis of the *Rooker-Feldman* doctrine and the doctrine of res judicata (claim preclusion). Counts 10 and 11 ask the Court to void the foreclosure and award Farrell quiet title to the property. Providing Farrell the relief he seeks would require the Court to reverse the rulings of the 52-3 Judicial District Court of Michigan, Mot. J., Ex. K, ECF No. 36-12, and the Circuit Court for the County of Oakland, Mot. J., Ex. L, ECF No. 36-13. The *Rooker-Feldman* doctrine applies because Farrell seeks to appeal an unfavorable state-court decision to a lower federal court. *See Brown v. First Nationwide Mortg. Corp.*, 206 F. App'x 436 (6th Cir. 2006). The doctrine of res judicata also bars Farrell's claims, as the matter he seeks to litigate was already decided in the state proceedings.

## CONCLUSION

The Court has reviewed Farrell's allegations, the parties' motions, the magistrate judge's Report, and Farrell's objections. The Court agrees with the Report's recommendation to grant Defendants' motion for summary judgment/dismissal and deny Farrell's motion for declaratory judgment. Accordingly, the Court will enter judgment for Defendants and deny as moot Farrell's pending motions for reconsideration.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Farrell's Objection to Report and Recommendation (document no. 97) is **OVERRULED**.

5

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation (document no. 92) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment/Dismissal (document no. 36) is **GRANTED**.

**IT IS FURTHER ORDERED** that Farrell's Motion for Declaratory Judgment (document no. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that Farrell's Motions for Reconsideration (document nos. 73, 79) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 31, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 31, 2015, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager